```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :       12cv3564 (DLC)
DESTE C. RELYEA, as Executor of the      :
Estate of JO ANN RELYEA,                 :       OPINION & ORDER
                                         :
                Plaintiff,               :
                                         :
         -v-                             :
                                         :
BORG WARNER CORP., et al.,               :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff Deste C. Relyea, as Executor to the Estate of Jo Ann Relyea:

Amber R. Long
Keith W. Binder
LEVY KONIGSBERG, LLP
800 Third Ave., 11th Fl.
New York, NY 10022

For defendant Honeywell International Inc.:

Andrew Sacher
McDERMOTT WILL & EMERY LLP
340 Madison Ave.
New York, NY 10173

DENISE COTE, District Judge:

   This case is a wrongful death action against the successor in interest to a manufacturer of brake pads that contained asbestos. Plaintiff contends that prolonged exposure to brake dust from these pads caused Jo Ann Reylea ("Reylea"), who was employed as a part-time bookkeeper at a gas station and auto repair shop from 1984 to 1990, to develop mesothelioma.

1

Defendant now moves in limine to preclude testimony from plaintiff's expert Dr. Jill Ohar ("Ohar") with respect to two related issues.[1]  They seek to preclude under Federal Rule of Evidence 702 and Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 573 (1993), any testimony that brake dust causes mesothelioma and any expert opinion based on the theory that "every exposure counts."  In addition, defendants seek to preclude any testimony that asbestos or chrysotile cause mesothelioma absent a showing that such evidence applies to brake dust specifically.  To the extent these motions seek to preclude Ohar's testimony as it is reflected in her expert reports, they are denied.

Ohar states in her expert report that,

> [a]fter reviewing the medical record and the depositions of Ms. Relyea . . . I believe within a reasonable degree of medical certainty that Ms. Relyea had a history of asbestos exposure and suffers with a malignant mesothelioma that resulted from her asbestos exposure.  The literature is replete with documentation that brake dust exposure provides asbestos exposure leading to the development of mesothelioma (1-5).  Asbestos is a carcinogen and there is a direct causal relationship between exposure to asbestos and the development of mesothelioma (6-9).  Asbestos has been shown to be causally related to at least 80% of mesotheliomas (10;11).

---

[1] Defendants also make this motion with respect to another of plaintiff's experts, James A. Strauchen.  Plaintiff, however, is not seeking to admit any testimony by Dr. Strauchen that would be affected by this motion.

Ohar's report cites five peer-reviewed scientific articles that specifically discuss the linkage between brake dust and asbestos exposure.

In an affidavit dated July 9, 2015, Ohar elaborates upon her expert opinion. Most relevantly, she describes the types of evidence she considered in forming her opinion. She states that she considered Relyea's "detailed occupational history and exposure testimony documenting Ms. Relyea's exposure to asbestos from Bendix brakes over a period of approximately 5 years"; a "large body of medical and scientific research" regarding asbestos-related diseases, "including literature specific to brakes"; "published literature demonstrating significant levels of asbestos in the air during brake work"; and the opinion of another of plaintiff's experts, Steven Paskal ("Paskal"), that "Relyea likely incurred exposures that ranged from hundreds to thousands of times greater than (and in addition to) ambient pollution levels." Defendants have not challenged Paskal's testimony. On the basis of this information, Ohar opines that "exposure to asbestos from Bendix brakes was a substantial factor in causing Ms. Relyea's mesothelioma."

Federal Rule of Evidence 702 permits expert testimony so long as (1) "the testimony is based on sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has reliably applied the

3

principles and methods to the facts of the case." Fed. R. Evid. 702; Daubert, 509 U.S. at 592.  "[T]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." United States v. Williams, 506 F.3d 151, 160 (2d Cir. 2007).  The district court performs the role of gatekeeper -- ensuring that the proponent has made the necessary showing and that the expert's testimony "both rests on a reliable foundation and is relevant to the task at hand."  Daubert, 509 U.S. at 597.  Rule 702 and Daubert do not require exclusion here.

First, defendants' motion in limine to preclude causation testimony in the absence of a proper foundation is denied because an adequate foundation exists.  Ohar's expert report and affidavit rely on peer-reviewed scientific literature linking the alleged cancer-causing properties of asbestos or chrysotile to the alleged cancer-causing properties of brake dust.

Second, it is unnecessary to rule on defendant's motion in limine to exclude Ohar's testimony to the extent it purports to rely upon an "every exposure counts" theory of causation because the defendant has not shown that Ohar intends to rely upon that theory.[2]  Instead, Ohar relies upon a methodology "consistent

---

[2] Defendant argues that Ohar is advancing an argument of "cumulative exposure" that is substantively the same as "every

4

with the Helsinki [C]riteria for diagnosis and attribution of asbestos related cancers."  The Helsinki Criteria, drawn from a peer-reviewed scientific article published in 1997, set forth a number of factors to consider when determining whether exposure to asbestos has caused mesothelioma in a particular case, including occupational history and time elapsed between exposure and diagnosis.  In addition, to apply the Helsinki Criteria to the facts of this case, Ohar states that she relies upon specific estimates of the magnitude of Relyea's brake dust exposure provided by Paskal as well as scientific literature specifically linking brake dust to asbestos.

    The Helsinki Criteria, scientific literature, and Ohar's professional experience together furnish a sufficiently reliable methodology to satisfy the Daubert threshold for admissibility.  Ohar has also shown that there are sufficient facts upon which to base her opinion.  Defendants may, of course, challenge on cross-examination the manner in which Ohar applies that methodology, including the evidence and studies upon which she relies in concluding that brake dust caused Relyea's

---

exposure counts."  At deposition, Ohar stated that "any exposure above background . . . increases [a] person's risk of developing mesothelioma."  This is not, however, a "rewording" of the "every exposure counts" theory, which maintains that any exposure "above background causes mesothelioma, no matter the type or the dose."  (Emphasis added.)  In addition, Ohar's expert report and affidavit make clear that her methodology does not depend upon the "every exposure counts" theory.

5

mesothelioma.  These challenges, however, go to the weight of Ohar's testimony, not its admissibility.

To the extent it derives from the facts and methodology described above, therefore, Ohar's testimony is not barred by Rule 702.  To the extent Ohar attempts to testify in a manner different from the above and in reliance on the theory that "every exposure counts," defendants may renew their challenge to such testimony as that time.

Dated:    New York, New York
          September 22, 2015

                                    _____
                                            DENISE COTE
                                    United States District Judge